## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**DANIEL J. SCHODEBERG,**
     **Plaintiff,**

     v.                                                                 Case No. 08-C-0748

**POTAWATOMI BINGO CASINO,**
     **Defendant.**

## DECISION AND ORDER

On September 3, 2008, the plaintiff, Daniel J. Schodeberg, filed a complaint alleging that he was assaulted by an employee of the defendant, Potawatomi Bingo Casino. The plaintiff further alleges that after the assault he contacted defendant's security officers to ask them to call the police to arrest the employee. The plaintiff alleges that he "was told that if I did not calm down I would be escorted off the premises and be barred from returning." (Compl. at 3.) This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. The petition will be denied.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). To that end, § 1915(a) allows an indigent party to commence an action in federal court without having to pay costs and fees. Access is not unlimited however. Congress recognized that some nonpaying litigants would try to abuse the privilege. Accordingly, it authorized the courts to dismiss a claim filed in forma pauperis if the action is

frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The plaintiff's petition and affidavit for leave to proceed in forma pauperis states that he is married, he and his spouse are unemployed, they have no assets and receive $ 716.00 in social security benefits. He does not pay rent but pays $ 40.00 per month on credit card payments and $ 400.00 per month for food, clothing and showers. From this, the court concludes that the plaintiff meets the poverty requirements of 28 U.S.C.§ 1915(a). Another question is whether the complaint is frivolous. A complaint is frivolous if it has no arguable basis in law or fact or if the petitioner is unable to make any rational argument in law or fact that would entitle her to relief. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke, 490 U.S. at 325. The court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

Federal courts are courts of limited jurisdiction and may adjudicate a case only if there is both constitutional and statutory authority for federal jurisdiction. See Erwin Chemerinsky, Federal Jurisdiction at 248 (2nd ed. 1994). A person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182-89 (1936); see also Moore v. General Motors Pension Plans, 91 F.3d 848, 850 (7th Cir. 1996). Every court has an independent responsibility to determine in every case whether it has subject matter jurisdiction and to dismiss the case if it concludes it does not. See Pratt Central Park Ltd. Partnership v. Dames & Moore, Inc., 60 F.3d 350, 352-54 (7th Cir. 1995); Ross v. Inter-Ocean Ins. Co., 693 F.2d 659, 660 (7th Cir. 1982).

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence of federal question jurisdiction is determined by the plaintiff's complaint. A district court's federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right necessarily depends on resolution of a substantial question of federal law", in that "federal law is a necessary element of one of the well-pleaded . . . claims." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808 (1988) (citations omitted).

The plaintiff's complaint does not allege any federal law claims against the defendant. Instead, plaintiff appears to assert a state law tort claim. Based upon a review of the complaint, the court does not discern a cognizable claim under the Constitution, laws, or treaties of the United States. See id. Accordingly, there is no federal question upon which to base subject matter jurisdiction in this case. Thus, the court has subject matter jurisdiction over the plaintiff's complaint only if there is diversity of citizenship.

Section 1332 of Title 28 of the United States Code provides in relevant part:

(a) the district courts shall have original jurisdiction of all civil cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

(1) citizens of different States[.]

The plaintiff alleges that he lives in Milwaukee, Wisconsin, and that the defendant is a resident of Wisconsin, so the requirement of complete diversity is not satisfied based on the complaint's allegations. 28 U.S.C. § 1332(a)(1).

Accordingly, in light of the foregoing, the plaintiff's request to proceed in forma pauperis in this action will be denied and this action will be dismissed.

-3-

# **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for to proceed in forma pauperis be and hereby is **DENIED**. (Docket #2).

**IT IS FURTHER ORDERED** that this action be and hereby is dismissed for lack of subject matter jurisdiction.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23 day of October, 2008.

BY THE COURT:

/s_____
Lynn Adelman
United States District Judge